UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WAYNE CLARK,

           Petitioner,      Case No. 1:07-cv-1061

v.              Honorable Janet T. Neff

KENNETH ROMANOWSKI,

           Respondent.
_____/

**REPORT AND RECOMMENDATION**

  This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it is frivolous.

**Discussion**

I.   Factual allegations

Petitioner is incarcerated in the Gus Harrison Correctional Facility. Petitioner pled nolo contendere to assault with intent to murder in Barry County Circuit Court. On July 13, 2006, the trial court sentenced him to a term of imprisonment of 126 to 360 months. Plaintiff did not appeal his conviction.

As part of his sentence, Petitioner was also ordered to pay restitution. According to Petitioner's application, he sought a "restitution amendment hearing" from the Barry County Circuit Court on September 19, 2007. (Pet. at 4, docket #1.) Petitioner states that the result of the hearing was that "[i]t was acknowledged that the Uniform Commercial Code would Discharge this Debt." (*Id.* at 5.) Petitioner did not seek any further review.

Petitioner now raises the sole ground for habeas corpus relief of newly discovered evidence. (*Id*. at 6.) Petitioner states that: "Under House Joint resolution 192 of June 5th, 1933, This gives a Sovereign Man the Remedy of Discharging the debt, and Releasing the Flesh and Blood Living Man from Custody. Also the Uniform Commercial Code Statutes, UCC- 1-104, 10-104, and 3-419 apply as Remedy for Release from Custody." (*Id.*)

II.   Merits

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).

Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." *Carson*, 178 F.3d at 437. Petitioner's claims clearly lack an arguable basis in law or in fact. His citation of House Joint Resolution 192 (1933) is neither accurate or relevant. House Joint Resolution 192 (1933) provided for the suspension of the gold standard, an action by Congress having no conceivable bearing on the validity of petitioner's conviction or sentence. Additionally, contrary to Petitioner's assertions, Uniform Commercial Code §§ 1-104, 10-104 and 3-419 simply do not provide for his release from custody. Section 1-104 is general provision stating that the UCC is "intended as a unified coverage of its subject matter, no part of it shall be deemed to be impliedly repealed by subsequent legislation if such construction can reasonably be avoided." Section 3-419 essentially recognizes and makes enforceable written guarantees for the payment of a sum of money by an "accommodation party." And section 10-104 does not exist. Moreover, provisions of the UCC govern commercial transactions and are wholly inapplicable to criminal judgment ordering restitution. Petitioner therefore has asserted no grounds on which his conviction could be said to violate the Constitution or laws or treaties of the United States.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed as both legally and factually frivolous. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   December 10, 2007         /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).